ALEXANDER A. MYERS (SBN 218898)
Alec.Myers@Disney.com
THE WALT DISNEY COMPANY
500 South Buena Vista Street
Burbank, California 91521
Telephone: (818) 560-4795
Facsimile: (818)567-4843

Attorney for THE WALT DISNEY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Kenneth Boyman,<br><br>    Plaintiff,<br><br>    v.<br><br>Walt Disney Company, Google Enterprises<br><br>    Defendants. | Case No. 24-05147<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT THE WALT DISNEY COMPANY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Fed. R. Civ. P. 8(a), 9(b), 12(b)(6)]<br><br>Date:    **August 1, 2024**<br>Time:    **10 a.m.**<br>Ctrm:    **8B**<br>Judge:   **Hon. Maame Ewusi-Mensah Frimpong** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 1, 2024, at 10 a.m., or as soon thereafter as this matter may be heard, in Courtroom 8B of the above-captioned Court, located at 350 West First Street, Los Angeles, CA, 90012, Defendant The Walt Disney Company will and hereby does move this Court for an order dismissing this action pursuant to Federal Rule of Civil Procedure 8(a), 9(b) and 12(b)(6) for failure to state a claim upon which relief can be granted.

    This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all of the pleadings and other documents on file in this case and related cases, all other matters of which the Court may take

1  judicial notice, and any further argument or evidence that may be received by the
2  Court at the hearing.
3      This Motion is made following the conference of counsel pursuant to Local
4  Rule 7-3, which took place on June 17, 2024.

DATED: June 20, 2024

By: _____/s/_____
ALEXANDER A. MYERS
Attorney for THE WALT DISNEY COMPANY

2
MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is Plaintiff's eighth attempt to litigate the false allegation that Defendant The Walt Disney Company or its subsidiaries (collectively, "Disney") copied and replaced his YouTube video to create a scene for a Disney Channel show. The one difference between this and previous cases is that Plaintiff has sued the parent corporation of the entity he previously sued. But this attempt to avoid the finality of previous judgments is barred by the doctrine of issue preclusion.

Plaintiff's claims in the present case are essentially identical to those that were considered on the merits and dismissed by this court on June 1, 2018. Plaintiff's most recent attempt before this one was dismissed with prejudice for also attempting to relitigate the same issues, and judgment was entered on December 30, 2019. The allegations in all of the matters center around the exact same nucleus of facts, and there are no claims in this action that were not or could not have been brought in earlier actions.

Further, Plaintiff fails to state a claim against The Walt Disney Company because his complaint contains no specific allegations against that entity, and in fact his submission demonstrates that his dispute is with Disney Enterprises, Inc. Absent any statement of facts supporting a claim against The Walt Disney Company specifically, the complaint must be dismissed under the *Iqbal/Twombley* doctrine.

Even if these claims had not already reached a final judgment, they would fail to state a substantive claim for relief. Plaintiff fails to show any protectable elements in his work that are substantially similar to Disney's work, and he fails to allege the required elements of a RICO claim, or any other claim.

The court should dispose of this recurring case immediately.

## II. PROCEDURAL HISTORY

Plaintiff's first complaint against Disney was filed in California state court in

2015. Disney removed the case to this court and moved to dismiss, which motion was granted when Plaintiff failed to oppose it. *Boyman v. Disney Enterprises, Inc.*, No. 16-cv-6543 (*Boyman I*), Docket Nos. 1, 18, 21. In 2016, Plaintiff filed an action in this court directly, making similar allegations. His request to proceed *in forma pauperis* ("IFP") was denied as "legally and/or factually patently frivolous" and the case was dismissed. *Boyman v. Disney Enterprises Ltd,* No. 16-cv-8994 (*Boyman II*), Docket Nos. 1, 9.

Also in 2016, Plaintiff filed another, nearly identical complaint in state court. Disney also removed that case to this court. *Boyman v. Disney Enterprises, Inc.*, No. 17-cv-8827 (*Boyman III*). The Second Amended Complaint in *Boyman III* alleged that Plaintiff created a video entitled "High School Miserable" and posted it on YouTube, and that Disney and Google conspired to remove the video and replace it with another video that he alleged had the same title and subject matter. Plaintiff alleged copyright infringement and violation of the "Rico Act". *Boyman III,* Docket No. 19. Disney moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Boyman III,* Docket No. 20. On June 1, 2018, this court granted the motion on the merits and dismissed the claims against Disney with prejudice. The court concluded that Plaintiff had failed to allege any specific similarities between the two videos, and after reviewing the videos themselves, concluded that they were not substantially similar as required for a claim of copyright infringement. The court also dismissed Plaintiff's claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") and other miscellaneous claims, including fraud and criminal violations. *Boyman III,* Docket No. 31.[1] Judgment was entered

---

[1] In 2018, Plaintiff tried filing complaints twice more in this court, but in each case IFP status was denied and the cases were dismissed. *Boyman v. Disney Enterprises, Inc.,* No. 18-cv-3040 (*Boyman IV*); *Boyman v. Disney Enterprises, Inc.,* No. 18-cv-10198 (*Boyman V*). Also in 2018, Plaintiff filed another case in California state court, but that case was dismissed for failure to serve the defendants. *Boyman v. Disney Enterprises, Inc.*, No. EC068511 (*Boyman VI*).

on June 27, 2018. *Boyman III*, Docket No. 34.

Plaintiff filed his seventh Complaint in California state court on August 14, 2018, repeating the same allegations that were in his earlier complaints. Disney removed the case to this court on December 5, 2019 and moved to dismiss, which was granted on December 30, 2019. *Boyman v. Disney Enterprises, Inc.*, No. 19-cv-10333 (*Boyman VII*), Docket No. 16. The court also awarded the defendant attorneys fees. *Boyman VII,* Docket No. 23.

The current allegations, consisting of largely incoherent ramblings and attached documents, repeat the same facts that were already adjudicated, namely that Disney allegedly: (1) removed Plaintiff's video from the internet and replaced it with Disney's own video, (2) violated RICO, and (3) committed various crimes. In this case, however, Plaintiff named parent corporation The Walt Disney Company as the sole defendant, whereas he had named Disney Enterprises, Inc. in previous cases. Nevertheless, he attaches several documents demonstrating that the Disney video he claims copied his video is owned by Disney Enterprises, Inc. *See, e.g.,* Compl. at 9-10.

Defendant removed this action to federal court on June 18, 2024.

### III. THE COMPLAINT FAILS TO STATE A CLAIM

#### A. Legal Standard Governing Motions to Dismiss

Dismissal pursuant to Rule 12(b)(6) is proper where, as here, the Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although courts generally accept all factual allegations pleaded in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff, *see Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), it need not accept as true unreasonable inferences or conclusory allegations cast in the form of factual

allegations. *See Twombly*, 550 at 554-55 (observing that "[f]actual allegations must be enough to raise a right to relief above a speculative level"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to plead a claim). This is also true in cases where a plaintiff represents him or herself. *See Newsom v. Countrywide Home Loans, Inc.*, 714 F.Supp.2d 1000, 1006 (N.D. Cal. 2010) (holding *pro se* litigant to pleading standards articulated in *Twombly* and *Iqbal*).

### B. Plaintiff's Claims Are Barred By The Doctrine Of Issue Preclusion

Plaintiff has already had the opportunity to litigate his current claims and they were fully adjudicated. This case should therefore be dismissed without leave to amend.

Issue preclusion, or collateral estoppel, bars the re-litigation of issues actually adjudicated in previous litigation. For issue preclusion to apply, four conditions must be met: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits. *See Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir., 2019). All four conditions have been met in this case.

Giving the current complaint the most generous reading, Plaintiff makes three claims: (1) Disney violated Plaintiff's copyright; (2) Disney violated the RICO statute in some unspecified way; and (3) Disney committed crimes. All three of these claims were actually litigated and decided by this court. *See Boyman III*, Docket No. 31. Specifically, the court's order adjudicated plaintiff's identical copyright, RICO, and criminal claims. Moreover, Plaintiff was given the opportunity to and did file several documents in opposition to the defendant's motion to dismiss before the court decided the case on the merits and dismissed the action.

1  The court should reject Plaintiff's attempt to continue raising the same claims
2  over and over.[2]

### B. Plaintiff Fails To Allege Facts Specific To The Walt Disney Company

Under *Iqbal* and *Twombley*, a complaint is required to allege more than naked assertions devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678. In this case, nowhere does Plaintiff explain what the named defendant, The Walt Disney Company, did that was distinct than what he previously has alleged was done by a different entity. Indeed, the documents submitted along with the complaint demonstrate that Disney Enterprises, Inc. is the owner of the video Plaintiff claims copied his. Compl. at 9-10. Without more than the "unadorned, the-defendant-unlawfully-harmed-me accusation" against The Walt Disney Company itself, *see Iqbal*, 556 U.S. at 678, the action must be dismissed.[3]

### C. Plaintiff Fails To Allege Facts Sufficient To Support His Claims

Beyond the fact that Plaintiff's claims already have been adjudicated, they fail for the same reasons they failed before. Plaintiff still does not articulate any protectable elements of his work. He alleges that both his and Disney's videos share the "same title same complete subject matter," Compl., but these allegations

---

[2] Plaintiff's claims are also barred by the doctrine of *res judicata* because the previous judgments shared an identity of claims, were final judgments on the merits, and there exists privity between the defendants. *See Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 & n. 10 (9th Cir. 2003). Specifically, Disney Enterprises, Inc. is a wholly-owned subsidiary of The Walt Disney Company, and multiple courts have held that parents and subsidiaries can be considered privies of each other for purposes of *res judicata*. *See Salessi v. Commonwealth Land Title Ins. Co*., 2013 U.S. Dist. LEXIS 149766, *23 (C.D.Cal. Oct. 16, 2013) ("Privity can be shown through a corporate parent and its wholly-owned subsidiary"; collecting cases). Because this corporate relationship requires submission of facts extrinsic to the pleadings, Disney reserves the right to assert this defense should the court deny the instant motion to dismiss.

[3] Should the court be inclined to allow the case to proceed against The Walt Disney Company, Defendant moves for a more definite statement pursuant to Fed. R. Civ. Proc. 12(e).

do not support a claim for copyright infringement. *See* 37 C.F.R. § 202.1(b) ("Words and short phrases such as names[] [and] titles" are not entitled to copright protection); *Shaw v. Lindheim*, 919 F.2d 1353, 1362 (9th Cir. 1990) ("[T]itles, in and of themselves, cannot claim statutory copyright."); *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002) ("similarities derived from the use of common ideas cannot be protected"); *Rice v. Fox Broad, Co.*, 330 F.3d 1170, 1174–75 (9th Cir. 2003) (television show *Specials* did not infringe on *The Mystery Magician* simply because they both dealt with magicians who revealed their magic tricks).

Moreover, the court may again take judicial notice of the two works at issue in this case, which were lodged with the court in *Boyman III*, Docket No. 14.[4] Nothing has changed since the court's prior determination that "[t]he themes, mood, setting, character, and pace of both works are substantially different." *Boyman III*, Docket No. 31 at 5. *See Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) (when a copyrighted work and an alleged infringement are both before the court, non-infringement can be determined on a motion to dismiss); *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1131 (C.D. Cal. 2007) (copyright infringement claimant must demonstrate substantial similarity in plot, themes, dialogue, mood, setting, pace, characters, and sequence of events of the two works).

Plaintiff's RICO claim similarly fails because he still has not alleged "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 432 F.3d 353, 361 (9th Cir. 2005). Plaintiff has not articulated how the alleged acts of the defendants constitute an enterprise, which must include "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). Nor has he

---

[4] The lyrics to both works are also attached to one of the two Amended Complaints served on Disney.

alleged any pattern of predicate acts that satisfy RICO, *see* 18 U.S.C. § 1961(1); *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1110 (C.D. Cal. 2005) (failure to support civil copyright infringement claim fatal to criminal copyright claim under RICO), or what his actual injury is, *see Berg v. First State Ins. Co.,* 915 F.2d 460, 465 (9th Cir. 1990) (uncertainty as to the existence of injury is fatal to a RICO cause of action).

To the extent Plaintiff intends any additional claims, he has not articulated a factual basis for them. *See Iqbal*, 556 U.S. at 678 (complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face).

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Complaint be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DATED:  June 20, 2024

By: _____/s/_____
ALEXANDER A. MYERS
Attorney for THE WALT DISNEY COMPANY